**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WAYNE FARMS LLC | ) | Civil Action No.: 25-620 |
| | ) | |
| Plaintiff, | ) | Judge _____ |
| v. | ) | |
| | ) | |
| wayne-farms.com, JOHN DOE, | ) | Magistrate Judge _____ |
| | ) | |
| And IVAN DOE, INC. | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Plaintiff, WAYNE FARMS LLC (hereafter sometimes "WAYNE FARMS") for its complaint against Defendants, domain name wayne-farms.com *in rem*, JOHN DOE, and IVAN DOE, INC. (hereinafter sometimes "DEFENDANTS") alleges:

## PARTIES

(1) Plaintiff, WAYNE FARMS, is a limited liability company organized under the laws of Delaware, with its principal place of business located at 4110 Continental Drive, Oakwood, GA 30566.

(2) Defendant wayne-farms.com is a domain name being used in this District and which is registered through the domain registrar Godaddy. Com, Inc. and who is sued *in rem*.

(3) Defendant, JOHN DOE on information and belief, is an individual soliciting fraudulent product orders, receiving money, copying at least infringing graphics, counterfeiting trademarks and cybersquatting in the United States, including the Northern District of Illinois. JOHN DOE, on information and belief, the facts being uniquely in his possession and control, registered and is using or has recently used the domain name wayne-farms.com and the false designations of origin "WAYNE FARMS LLC 4110 Continental Dr, Oakwood, GA 30566

1

sales@wayne-farms.com" or is acting in concert with legal entities or individuals who have maintained a website, domain name registration, bank accounts used in the fraudulent scheme all for the purpose of causing confusion among purchasers and potential purposes so as to send money to DEFENDANTS under false pretenses.

(4)     Defendant IVAN DOE, INC. is, on information and belief, the facts being uniquely in its possession and control, a foreign legal entity acting in concert with or is the alter ego of JOHN DOE in committing the infringing acts described herein and as a foreign corporation is amenable to jurisdiction and venue in any district court.

(5)     The term DEFENDANTS may be used herein for identification purposes, but the use of a plural does not imply that all acts were performed jointly by all DEFENDANTS, or to exclude the possibility that there is a single person or entity as a malfeasor, excluding the *in rem* DEFENDANT wayne-farms.com (hereafter sometimes "DOMAIN NAME").

(6)     The website has included false allegations that goods could or would be shipped, and places from which said shipments would occur list "Moscow" and "USA" and describe quantities of goods in kilograms.  On information and belief, the facts being uniquely in the control of the DEFENDANTS, "Moscow" refers to Moscow, Russia, alleged to be the location of DEFENDANTS.   Accordingly, Defendant JOHN DOE's corporation is referred to as IVAN DOE, INC.

(7)     Defendant domain name wayne-farms.com is registered through domain name registrar GoDaddy.com, LLC, over whom jurisdiction and venue in the Northern District of Illinois is proper.

(8)     The foregoing activities enable JOHN DOE and IVAN DOE, INC. to promote and communicate false information in the United States and the Northern District of Illinois, the

website and said false information is viewable in the Northern District of Illinois and has no geographical limitations, and on information and belief, the facts being uniquely in JOHN DOE's and/or or IVAN DOE, INC's possession and control, DEFENDANTS have used the website to engage in fraudulent transactions.

(9) The effect of communication of said false information, using the Defendant website, is felt in Illinois causing injury to plaintiff WAYNE FARMS in Illinois and elsewhere.

## JURISDICTION AND VENUE

(10) This action is for cybersquatting, Federal trademark infringement, unfair competition involving claims arising under the Trademark Act of the United States commonly known as the Lanham Act 15 U.S.C. §§ 1051 et seq., for Federal Copyright infringement under the Copyright laws of the United States, 17 U.S.C. § 101 et seq., for state trademark infringement, injury to business reputation and dilution, deceptive trade practices, deceptive business practices and unfair competition under the laws of the State of Illinois, involving claims arising under the Illinois Deceptive Trade Practices Act 815 ILCS 510/2 et seq..

(11) This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1332, and since these claims are joined with substantial and related claims under the Trademark Laws of the United States.

(12) Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391 as these causes of action arise as a result of the *in rem* jurisdiction over the domain name wayne-farms.com, the misrepresentations on JOHN DOE'S and/or IVAN DOE, INC's website enabling geographically unrestricted solicitation within this District and, based upon information and belief, DEFENDANTS' use of the false identification "WAYNE FARMS LLC" and email

address(es) *@wayne-farms.com, street address and map to caused injury to the reputation of Plaintiff WAYNE FARMS, LLC, in Illinois. For many years Wayne Farms' then parent company had offices in Illinois and it still does business in Illinois.

(13) The injury to Plaintiff WAYNE FARMS from said false and deceptive communication comprises commission of tortious acts in Illinois pursuant to the Illinois Long-Arm statute, 735 Ill. Comp. Stat. § 5/2-209.

(14) WAYNE FARMS has, for many years, been engaged in processing, packing and otherwise selling food products in this District, in the United States and internationally.

(15) WAYNE FARMS has promoted its marks in traditional advertising and promotional channels and electronic media expending advertising and promotional efforts and incurring advertising and promotional expenses in support of said marks and has exclusively used the marks in commerce.

(16) Over the years WAYNE FARMS has protected its valuable trademark rights in its mark WAYNE FARMS. A status copy showing title comprising Exhibit 1 shows Registration for the word mark WAYNE FARMS, No. 980466 for "Fresh dressed and frozen chickens" which issued March 12, 1974 is incontestable and was renewed effective January 12, 2024.

(17) By reason of WAYNE FARMS' long use, promotion and dissemination of its goods, its mark WAYNE FARMS has acquired recognition, and the relevant trade and public has come to recognize such marks as signifying Plaintiff. The goodwill represented by said mark has been long established and continues at the present time.

(18) On information and belief, the information being in the possession and control of DEFENDANTS, orders requesting deposits of money and money purporting to be deposits against orders was solicited and received by DEFENDANTS as a result of the use of counterfeit

trademark, misappropriated copyrighted work, made credible by the use of the domain name wayne-farms.com, the company name Wayne Farms, LLC, address and map location.

(19) A version of WAYNE FARMS' website was created by WAYNE FARMS employees and fixed in a tangible medium of expression on or about April 1, 2015. Copyright Reg. No. TX 8160962 , title: "Wayne Farms 2015 Website", issued with an effective date of Apr 29, 2015, Exhibit 2. Said website and its updates were publicly available since that time.

(20) DEFENDANTS' website, Exhibits 3a, 3b, 3c, 3d and 3e, specifically claims, at the end of each Internet page, "Copyright © 2023 Wayne Farms LLC | All Right Reserved" making a false attribution of copyright authorship.

(21) DEFENDANTS' cybersquatting, the Whois report showing the registration thereof, Exhibit 4, their use of the counterfeit WAYNE FARMS mark, domain name wayne-farms.com and website content is used to deceive consumers, the trade and others, and constitutes an infringement of Plaintiff's rights through unfair competition and false designation of origin.

(22) Upon information and belief, the counterfeit WAYNE FARMS mark, domain name wayne-farms.com, and website content are being used by the DEFENDANTS to divert sales of WAYNE FARMS product and/or as part of a scheme to defraud customers and potential customers of WAYNE FARMS through the submission of fraudulent invoices and soliciting payment to specific financial or bank accounts.

(23) Products processed, packed, sold or offered for sale under DEFENDANTS counterfeit WAYNE FARMS mark, domain name wayne-farms.com and counterfeit website, and sold using the content including the fake location and related information could move

through similar channels of trade, or be promoted to the same or similar classes of prospective purchasers or end-users, or to the same or similar purchasers as WAYNE FARMS' products.

(24) Persons familiar with WAYNE FARMS' mark and business are likely to be confused, mistaken and/or to be deceived upon seeing DEFENDANTS' use of the counterfeit WAYNE FARMS mark, the domain name wayne-farms.com and website, and are therefore likely to believe that DEFENDANTS' business is endorsed by, sponsored by, or emanates from, or in some way is connected with WAYNE FARMS, the legitimate waynefarms.com domain name, the website content or variations thereof.

(25) WAYNE FARMS will be unable to police the nature and quality of goods sold by the counterfeit WAYNE FARMS under the problematic marks at issue or of variations thereof. The sale or prospective sale by DEFENDANTS of products or services, and the receipt of funds solicited under the WAYNE FARMS mark, the domain name wayne-farms.com and website, will also blur and diminish the distinctive quality of WAYNE FARMS' mark WAYNE FARMS, the legitimate domain name waynefarms.com and the website content and lessen its capacity to identify and distinguish the products and services of WAYNE FARMS.

(26) Use by DEFENDANTS of the WAYNE FARMS mark, the domain name wayne-farms.com and website at issue without WAYNE FARMS' consent or permission.

(27) Upon information and belief, the counterfeit WAYNE FARMS, with knowledge of Plaintiff's mark WAYNE FARMS was created, used and promoted in willful disregard of WAYNE FARMS' rights, is engaging in a deliberate course of conduct designed to appropriate the goodwill associated with WAYNE FARMS' mark, domain name and content.

(28) DEFENDANTS have, on information and belief, intentionally and willfully attempted to trade upon the goodwill of WAYNE FARMS.

(29) DEFENDANTS' use of a mark, name or content which is confusingly similar to WAYNE FARMS' mark will irreparably harm Plaintiff by diminishing the reputation and goodwill of WAYNE FARMS' mark. The public association of the mark WAYNE FARMS with WAYNE FARMS' products has been and remains sufficiently great, such that the use by another of the mark at issue under the circumstances at issue for DEFENDANTS products, proposed products or fraudulent solicitation of orders will inevitably cause the trade or consumers to believe that it is produced, authorized, licensed, or sponsored by WAYNE FARMS or that it is somehow connected with WAYNE FARMS.

## COUNT I

### (Cybersquatting)

(30) WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 29 hereof as if set forth in full.

(31) WAYNE FARMS has a distinctive or famous mark at the time DEFENDANTS registered the domain name wayne-farms.com.

(32) The website is constructively used, and JOHN DOE and IVAN DOE, INC. have used the website as registered, trafficked in, or used the domain name that is identical or confusingly similar to WAYNE FARMS' mark.

(33) DEFENDANT website is constructively, and JOHN DOE and IVAN DOE, INC. have acted with bad faith to profit from use and registration of that domain name.

## COUNT II

### (False Designation of Origin Under Federal Law)

(34) WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 33 of this Complaint as if set forth in full.

(35) DEFENDANTS' unauthorized use in commerce of the counterfeit WAYNE FARMS mark, domain name wayne-farms.com, location, address and related information with respect to false advertisement and offer of DEFENDANTS' products and solicitation of financial transactions and orders constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that the counterfeit WAYNE FARMS and/or its goods are made or produced and/or its services offered by Plaintiff or are otherwise affiliated, connected, or associated with, or sponsored or approved by Plaintiff and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

(36) DEFENDANTS' use in commerce of the counterfeit WAYNE FARMS mark, domain name wayne-farms.com, location, address and related information with respect to DEFENDANTS' solicitation of financial transactions and offer of DEFENDANTS' products and solicitation of orders in connection with DEFENDANTS' false marketing, distribution, promotion and sale to the consuming public of its goods and its solicitation of funds under those marks, the domain name wayne-farms.com, and the website content or variations thereof, constitute a misappropriation of the distinguishing and identifying features which WAYNE FARMS created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to the counterfeit WAYNE FARMS, based on and derived from WAYNE FARMS' mark WAYNE FARMS, domain name and website content and the goodwill associated therein.

(37) DEFENDANTS' use of the counterfeit WAYNE FARMS mark, domain name wayne-farms.com, location and address and related information constitutes false representations that the counterfeit WAYNE FARMS has some connection or association with, or sponsorship

8

by WAYNE FARMS, and that the products and deliveries of products identified with WAYNE FARMS are available from and will be performed by DEFENDANTS.

(38) Said actions of DEFENDANTS constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or in connection with the products that DEFENDANTS causes to enter into, or to affect commerce, which may lawfully be regulated by Congress.

(39) DEFENDANTS have used and are continuing to use the counterfeit WAYNE FARMS mark or variations thereof with full knowledge of WAYNE FARMS' rights, and based upon information and belief, said actions by DEFENDANTS are with an intent and purpose to trade upon the goodwill of WAYNE FARMS' mark WAYNE FARMS, domain name and website content. DEFENDANTS' infringement is thus willful and deliberate.

## COUNT III

### (Copyright Infringement)

(40) WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 39 hereof as if set forth in full.

(41) DEFENDANTS had access to the publicly available WAYNE FARMS website, registered under Registration No. TX 8160962.

(42) The WAYNE FARMS website provided descriptions of the company and its products.

(43) DEFENDANTS' website wayne-farms.com is substantially similar to WAYNE FARMS' website covered under Registration No. TX 8160962 including updates thereto.

(44) DEFENDANTS are estopped from denying copyright infringement because of their copyright notice "Copyright © 2023 Wayne Farms LLC | All Right Reserved."

## COUNT IV

### (Federal Trademark Infringement)

(45)    WAYNE FARMS realleges and incorporates herein by reference the allegations contained in paragraphs 1 - 44 hereof as if set forth in full.

(46)    DEFENDANTS' unauthorized use in commerce of the counterfeit WAYNE FARMS mark, domain name wayne-farms.com and related information with respect to DEFENDANTS' offer of products and solicitation of orders is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of WAYNE FARMS' registered trademark under 15 U.S.C. §1114.

(47)    DEFENDANTS have used and are continuing to use the counterfeit WAYNE FARMS mark, domain name wayne-farms.com and related information with full knowledge of WAYNE FARMS' prior rights and with the intent and purpose to trade upon the goodwill of WAYNE FARMS' marks, therefore DEFENDANTS infringement is thus willful and deliberate.

## COUNT IV

### (Federal Trademark Counterfeiting)

(48)    WAYNE FARMS realleges and incorporates herein by this reference the allegations contained in paragraphs 1 - 47 hereof as if set forth in full.

(49)    DEFENDANTS' use in commerce of the counterfeit WAYNE FARMS mark, domain name wayne-farms.com and related information with respect to DEFENDANTS' offer of DOE's products and solicitation of orders is use of a spurious mark which is identical with, or substantially indistinguishable from registered mark of WAYNE FARMS and DEFENDANTS are offering for sale goods identical to registered goods.

(50) DEFENDANTS have not been authorized to use WAYNE FARMS' mark at any time.

(51) DEFENDANTS acted with express knowledge of the counterfeit use and with intent to deceive prospective purchasers.

(52) DEFENDANTS are guilty of trademark counterfeiting and willful and intentional trademark counterfeiting under 15 U.S.C. 1114, 1116, 1117.

## PRAYER FOR RELIEF

WHEREFORE, WAYNE FARMS prays for judgment as follows:

1. That the domain name wayne-farms.com and email address sales@wayne-farms.com shall be transferred to WAYNE FARMS, and DEFENDANTS provide and transfer all sign in, user id and password information to immediately accomplish that transfer.

2. That DEFENDANTS and all those in concert therewith be, individually and collectively, enjoined and restrained from:

    a. using the WAYNE FARMS trademark or any reproduction, counterfeit copy or colorable imitation thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine WAYNE FARMS product or not authorized by WAYNE FARMS to be sold or offered for sale in connection with the WAYNE FARMS Trademark;

    b. identifying themselves, or any other entity, as originating from WAYNE FARMS' address or location;

    c. soliciting any commercial contact using WAYNE FARMS marks or a similar domain name;

    d. passing off, inducing, or enabling others to sell or pass off any product as a genuine

      WAYNE FARMS Product or any other product produced by WAYNE FARMS, that is not WAYNE FARMS or not produced under the authorization, control or supervision of WAYNE FARMS and approved by WAYNE FARMS for sale under the WAYNE FARMS Trademark;

e. committing any acts calculated to cause customers or potential customers to believe that DEFENDANTS' products are sold or offered under the authorization, control or supervision of WAYNE FARMS, or are sponsored by, approved by, or otherwise connected with WAYNE FARMS;

f. infringing the WAYNE FARMS Trademark and damaging WAYNE FARMS' goodwill;

g. otherwise competing unfairly with WAYNE FARMS;

h. deceiving customers or prospective customers in any manner;

i. copying, displaying, publishing, distributing any work that is substantially similar to the content of the WAYNE FARMS website or derived therefrom;

j. falsely using the copyright notice "Copyright © 2023 Wayne Farms LLC All Right Reserved" or any similar claim;

k. soliciting transaction or orders, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for WAYNE FARMS, nor authorized by WAYNE FARMS to be sold or offered for sale, and which bear any of the WAYNE FARMS Trademark or any reproductions, counterfeit copies or colorable imitations thereof;

l. using, linking to, transferring, selling, exercising control over, operating or changing

      ownership or registration of any counterfeit WAYNE FARMS email address or domain name, business to business listing or social networking account that is being used to sell or is the means by which DEFENDANTS could continue to sell or offer for sale deceptively indicated as WAYNE FARMS Products; and

  m. operating any business, commercial or financial activity using electronic means of communication and/or hosting websites at the DOMAIN NAME and any other domain names registered or operated by DEFENDANTS using the term "WAYNE" that are involved with the distribution, advertising, offering for sale, or sale of any product, or soliciting contracts, soliciting deposits, shipments, offers, acceptance of offers or payment of funds using any communication bearing the WAYNE FARMS Trademark or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine WAYNE FARMS Product being offered for sale in that transaction by WAYNE FARMS, or communication or not authorized by WAYNE FARMS to be sold or offered for sale in connection with or communicated using the WAYNE Trademarks.

3. DEFENDANTS' accounts and the contents thereof with any and all social media sites are temporarily, preliminarily and permanently seized and frozen pursuant to 15 U.S.C. 1116 (d).

4. Those in privity with DEFENDANTS and with actual notice of this Order, shall transfer all electronic documentation comprising or consisting of the contents of DEFENDANTS' account to WAYNE FARMS.

5. The banks, savings and loan associations, payment processors, clearing houses, exchanges, or other financial institutions with whom DEFENDANTS have accounts

      shall:

          a. Locate all accounts and funds connected to the counterfeit WAYNE FARMS, DEFENDANTS' Accounts or DEFENDANTS' email account or websites, and

          b. Restrain and prevent such accounts from receiving, transferring or disposing of any money or other of DEFENDANTS' assets except as ordered by this Court.

          c. Funds in the above accounts shall be forfeit and transferred to WAYNE FARMS in satisfaction of the judgment of this Court

6. DEFENDANTS, any officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with him, his email provider, any domain name registry(ies) or website host shall preserve copies of all materials, data and documents that relate, refer to or reflect the use, registration and content enjoined in the preceding paragraphs, third party processors, banks, financial clearing houses and other payment processing service providers, shippers, domain name registrars and domain name registries (collectively, the "Third Party Providers") shall, preserve copies of all documents and records in such person's or entity's possession or control relating to DEFENDANTS.

7. DEFENDANTS and any other parties subject to this Order may appear and move to modify the Order. Any and all bond posted by WAYNE FARMS shall be returned to WAYNE FARMS or its counsel

8. That WAYNE FARMS be awarded not less than the greater of the profits, as shown by their revenues in the absence of any costs, secured by DEFENDANTS as a result of its

unlawful activities, that said award be trebled as provided, or statutory damages in an amount determined by the Court for willful use of a counterfeit mark, or both.

9. That WAYNE FARMS be awarded punitive and exemplary damages in such amount as the Court shall find sufficient to deter DEFENDANTS' willful unlawful conduct.

10. That WAYNE FARMS be awarded its costs incurred in this action, including its reasonable attorneys' fees.

10. That DEFENDANTS be required to file with this Court and serve upon Plaintiff within ten (10) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of DEFENDANTS' compliance with the Court's order.

11. That WAYNE FARMS have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.

Respectfully submitted,

/David C Brezina/

January 16, 2025

By: David C Brezina
One of Plaintiff's attorneys

David C. Brezina
Molly Hunsinger
Ladas & Parry LLP
224 S. Michigan Ave. Suite 1600
Chicago, Illinois 60604
(312) 427-1300

15