**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **WAYNE FARMS LLC** | ) | **Civil Action No.: 25-620** |
| | ) | |
| **Plaintiff,** | ) | **Judge Alonso** |
| **v.** | ) | |
| | ) | **Magistrate Judge McShain** |
| **wayne-farms.com, JOHN DOE,** | ) | |
| **And IVAN DOE, INC.** | ) | |
| | ) | |
| **Defendants** | ) | |

**MOTION OF WAYNE FARMS LLC FOR FINAL JUDGMENT AND ORDER**
**GRANTING TRANSFER OF DOMAIN NAME  wayne-farms.com**

Now comes Plaintiff, Wayne Farms LLC, ("WAYNE FARMS") by its attorneys, Ladas & Parry LLP and hereby moves this court enter an Order transferring registration of the Defendant domain name **wayne-farms.com** from the fake registrant to WAYNE FARMS.

I.      **DISMISSAL OF JOHN DOE AND IVAN DOE, INC.**

To streamline resolution of the matter, actual identity and address having been not produced by registrar Godaddy, therefore service of process having been unable to be efficiently accomplish, WAYNE FARMS moves Defendants JOHN DOE and IVAN DOE, INC. be dismissed without prejudice. With this dismissal, final judgment and an order transferring the registration of

II.     **PROCEDURAL HISTORY JURISDICTION AND NOTICE**

A.      **SERVICE ON wayne-farms.com**

As reported in the May 9, 2025 Motion, *in rem* Defendant wayne-farms.com was served by Summons March 28, 2025 (Document 12).  This Court found it in default May 13, 2025 (Document 18).

1.      **ANTICYBERSQUATTING CONSUMER PRETECTION ACT**
        **CAUSE OF ACTION, ALTERNATIVE SERVICE AND NOTICE**

The Anticybersquatting Consumer Protection Act (ACPA) , 15 U.S.C. § 1125(d) (2) provides for the Court to order transfer of the domain name.  In addition there is an alternative for

service, in addition to Summons, and this has been accomplished, complying with service by uploading a copy to the Godaddy "abuse" page (Exhibit 6[1]) email and "postal" mail (Exhibit 7). This also provides notice to Godaddy, the registrar of the issues.

> (2) (A) The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if—
> (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c); and
> (ii) the court finds that the owner—
>> (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
>> (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by—
>>> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>>> (bb) publishing notice of the action as the court may direct promptly after filing the action.

> (B) The actions under subparagraph (A)(ii) shall constitute service of process.,

There have been communications with Godaddy since the service of the Summons and the Complaint and the subpoena.

## 2.    NOTICE OF MAY 9, 2025 MOTION

A copy of the May 9, 2025 motion was filed via Pacer, and, there being no appearance on file, an electronic mail transmission was sent to abuse@godaddy.com and sales@wayne-farms.com.   Anticipating security "blocking" an attachment was not sent, but instructions to download a copy were included:

> "You may download a free copy from the website: www.courtlistener.com Choose "Recap" and enter the key words Wayne Farms v. wayne-farms.com
>
> If you would like, we would send attachments, but have not included them in this first email out of respect for security protocols."

---

[1] Exhibits a numbered serially, beginning with the Complaint (1 – 4) and the previous Motion (5).

No response was received from either Godaddy or the registrant of the domain from the email address posted on the website at defendant domain name wayne-farms.com.

### 3. UPLOAD OF COMPLAINT TO GODADDY "ABUSE" PAGE

A separate post with the Complaint was uploaded to the Godaddy "complaint submission" page on May 9, 2025. A responsive electronic communication from Claim Support <care@services.secureserver.net> recommended submission of court documents to CourtDisputes@GoDaddy.com. A copy of the May 13, 2025 Order (Document 18) was forwarded to that email address on June 2, 2025. (Exhibit 7)

### B. ANTICYBERQUATTING CONSUMER PROTECTION ACT ACTIONS AND REMEDIES

The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), creates the in rem jurisdiction over the domain name, as established here. The remedies provided include:

(D)
(i) The remedies in an in rem action under this paragraph shall be limited to **a court order for** the forfeiture or cancellation of the domain name or **the transfer of the domain name to the owner of the mark**. Upon receipt of written notification of a filed, stamped copy of a complaint filed by the owner of a mark in a United States district court under this paragraph, the domain name registrar, domain name registry, or other domain name authority shall —
(I) expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court; and
(II) not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court.

In this *in rem* case notice in compliance with Rule 4 is believed to have occurred. Notice and opportunity to respond is sufficient. *Davis v. Hutchins* 321 F.3d 641, 54 Fed.R.Serv.3d 1101 (7th Cir., 2003) This motion will be served to all known email addresses.

### III. THE MERITS OF THIS CASE SUPPORT A TRANSFER ORDER IN FAVOR OF WAYNE FARMS

Wayne Farms owns the rights which form a basis for its Complaint and this Motion.

Wayne Farms placed in the record one of its trademark registrations (Exhibit 1 to Complaint).

Wayne Farms has been trying to identify the true registrar (Exhibit 5, Supboena, Exhibit to previous motion. Responsive to the Subpoena, Godaddy produced documents it identifies as GD 000001 - GD 000010, unilaterally marked "Confidential" with a credit card number already redacted to the last four digits. The documents do not include "confidential" information about the registrant, having the fake information: (1) fake name: Van Dam; (2) fake address: Wayne Farms actual address, but Wayne Farms is not the genuine registrant and has no employee by the fake name and (3) a contact telephone number that appears to have been misappropriated.

Godaddy and its Domains By Proxy have been aware of this case for months. Multiple different submissions and communications have gone to Godaddy through various communications means, some set up by Godaddy, as well as postal mail and email.

The Whois for the domain name (Exhibit 4 to the Complaint) identifies:

(1) Registrar: GoDaddy.com, LLC

(2) Registrant Contact: Domains By Proxy, LLC

**CONCLUSION**

Fore the foregoing reasons, an Order is appropriate under the statute for "transfer of the domain name to the owner of the mark." Wayne Farms moves the Court order, to the effect of:

(1) Defendants JOHN DOE and IVAN DOE, INC. are dismissed without prejudice.

(2) The domain name of wayne-farms.com shall be transferred to Plaintiff Wayne Farms LLC, owner of US Registration Number: 980466;

(3) Registrar GoDaddy.com, LLC shall accomplish that transfer;

(4) Registrant Contact Domains By Proxy, LLC shall cooperate to effectuate the transfer, as necessary.

(5) A final order is appropriate in such form as may please the Court.

Respectfully submitted,

Date: June 4, 2025                 By:

David C. Brezina
Molly F. Hunsinger
Attorneys for Plaintiff, Wayne Farms LLC

Ladas & Parry LLP
David C. Brezina
Molly F. Hunsinger

224 S Michigan Ave, #1600

Chicago, IL 60604

(312) 427-1300

dbrezina@ladas.net

mhunsinger@ladas.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be filed June 4, 2025 in the Northern District of Illinois - CM/ECF LIVE, Document Filing System, which will forward copies thereof to any counsel of record.

I will also serve a copy by electronic mail to:

Godaddy:

TrademarkClaims@godaddy.com
copyrightclaims@godaddy.com.
legal@godaddy.com
abuse@godaddy.com
c53ab691d91a424fa33011a436ce5dbe@domainsbyproxy.com

Defendant wayne-farms.com:

sales@wayne-farms.com
waynefarms66@gmail.com

Respectfully submitted

Date of Signature: June 4, 2025

David C. Brezina